IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

JOHN COLLIER,

     Plaintiff,

                        No.    **2 : 2 0 CV   1 7 9**

v.

NATIONAL COMMUNITY            JURY TRIAL DEMANDED
REINVESTMENT COALITION,

     Defendant.

## COMPLAINT

### Introduction

1.  This is an action for disability discrimination brought by plaintiff John Collier against defendant National Community Reinvestment Coalition ("NCRC") pursuant to the federal Rehabilitation Act, 29 U.S.C. 701 *et seq.*, and the Americans with Disabilities Act ("ADA"), 49 U.S.C. 12101 *et seq.*

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, 29 U.S.C. 794a (incorporating 42 U.S.C. 2000e-5), and 42 U.S.C. 12117 (same incorporation) because plaintiff has asserted claims arising under federal law pursuant to the Rehabilitation Act and the ADA.

3.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b), 29 U.S.C. 794a (incorporating 42 U.S.C. 2000e-5(f)(3)), and 42 U.S.C. 12117 (same incorporation) because the unlawful actions described herein were committed in the Northern District of Indiana.

## Parties

4. Plaintiff John Collier is an Indiana resident who resides in Gary, Indiana in the Northern District of Indiana.

5. NCRC is a national organization involved in providing housing discrimination "tester" services in the Northern District of Indiana, among other activities.

## Facts

6. Plaintiff John Collier suffers from cerebral palsy, a condition he has had since birth, which requires him to use a wheelchair and leaves him with slurred speech. Mr. Collier is an individual with a disability, as that term is used in the Rehabilitation Act, 29 U.S.C. 705(20), and the ADA, 42 U.S.C. 12102.

7. Despite his disability, Mr. Collier has been and is able to perform substantial activities which require speech, writing, and executive functions. He has an Associate's Degree and has been employed in a variety of positions since 1986, including as a government information publications assistant, insurance sales agent assistant, and inspirational/motivational speaker. He is a published author of a book entitled "Real Christian Living."

8. Mr. Collier filed a timely charge of discrimination with the federal Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination on or about November 6, 2019. Mr. Collier received a right-to-sue notice from the EEOC on or about March 1, 2020 and has brought suit pursuant to the ADA within the 90 day statutory time limit.

9. NCRC hires individuals to perform housing discrimination testing services in the Northern District of Indiana, including testing to determine if there is discrimination based on disability.

10. On information and belief, NCRC is funded in part by grants received from the federal department of Housing and Urban Development ("HUD").

11. In or about September, 2019, NCRC advertised in Gary, Indiana that it was seeking to hire individuals to act as housing testers in the Gary, Indiana area.

12. NCRC offered to pay $75.00 per testing visit.

13. Mr. Collier and his wife Dionne Collier applied for the position and were given notice that they were accepted to engage in paid training. They attended that training. During that training, the person conducting the training, named Yvette (last name unknown), said that Mr. Collier was a "perfect" candidate for the position because of his disability.

14. Mr. Collier was well-qualified and able to perform the duties of a tester for NCRC.

15. After the training, Mr. and Mrs. Collier waited for contact from NCRC representative Tracy McCracken for assignment to perform testing visits.

16. In or about October, 2019 Ms. McCracken contacted Mrs. Collier and said she had an assignment for Mrs. Collier. Mrs. Collier asked Ms. McCracken if she had a position for Mr. Collier. Ms. McCracken said that, unfortunately, because of his disability, NCRC would not be able to hire Mr. Collier for this project or any other project.

17. As a result of NCRC's discrimination against Mr. Collier, because of his disability, Mr. Collier was not given any work by NCRC as a tester.

18. As a result of NCRC's discrimination, Mr. Collier has lost substantial income he would have earned as a tester and has suffered severe and lasting emotional distress.

19. NCRC's actions, described above, were deliberate, malicious, and taken with reckless disregard of Mr. Collier's rights under the Rehabilitation Act and ADA.

## COUNT I – REHABILITATION ACT

20. Plaintiff John Collier incorporates and re-alleges paragraphs 1-19 above as paragraphs 1-19 of this Count I.

21. NCRC is subject to suit under the Rehabilitation Act because it receives federal funding from HUD. *See* 29 U.S.C. 794(a).

22. By discriminating against Mr. Collier because of his disability NCRC violated the Rehabilitation Act, 29 U.S.C. 794(a).

## COUNT II – AMERICANS WITH DISABILITIES ACT

23. Plaintiff John Collier incorporates and re-alleges paragraphs 1-22 above as paragraphs 1-22 of this Count II.

24. NCRC is a "covered entity," as that term is defined in the ADA, 42 U.S.C. 12112, and is subject to the provisions of the ADA.

25. By applying for work as a tester with NCRC, Mr. Collier was applying for employment with a covered entity under the ADA.

26. By refusing to give work to Mr. Collier because of his disability NCRC violated the provisions of the ADA, 49 U.S.C. 12112(a).

## Prayer for Relief

As a result of the illegal and discriminatory actions of NCRC, plaintiff John Collier prays for the following relief against defendant NCRC:

(a) damages to compensate Mr. Collier for income lost due to the failure of NCRC to engage Mr. Collier as a tester;

(b) damages to compensate Mr. Collier for his emotional pain and suffering caused by NCRC's illegal and discriminatory conduct;

(c) punitive damages;

(d) reasonable attorney's fees, costs, and expenses;  and

(e) such further relief as the Court may find just and equitable.

By: /s/ Paul Strauss
Attorney for plaintiff John Collier
*pro hac vice*

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL  60637
(773) 551-5350
pstr1968@gmail.com
*pro hac vice*